THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WALKER, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 12, 1975, convicting defendant after a nonjury trial of criminal possession of a weapon in the third degree, and sentencing him as a predicate felon, is unanimously reversed, on the law, and the indictment is dismissed.

A parole officer standing outside the defendant's door heard a sound which he identified as the "dry-firing" of an unloaded revolver. A half hour later, a loaded revolver was found in a chest of drawers in the bedroom occupied by the defendant's sister, with male clothing in the same drawer as the revolver. The District Attorney stated that "we are relying on an actual possession of a firearm by this defendant proving by *[sic]* it by circumstantial evidence." The "actual possession" was claimed to be at the time the officer heard the sound of the alleged dry-firing. The Trial Judge adopted this theory and made his findings on the basis of it, treating the case as a circumstantial evidence case. So treated, we think that the evidence fails to meet the standard required for conviction in a case resting wholly on circumstantial evidence and, specifically, that the evidence fails to " 'exclude to a moral certainty every other reasonable hypothesis' " than that of guilt. *(People v Cleague,* 22 NY2d 363, 366.) Accordingly, there is a reasonable doubt as a matter of law. Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Yesawich, JJ.